IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOGMEIN, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>PRAGMATUS TELECOM, LLC,<br><br>          Defendant. | C.A. No. 12-cv-1507-RGA<br><br>JURY TRIAL DEMANDED |

### ANSWER AND COUNTERCLAIMS OF DEFENDANT PRAGMATUS TELECOM, LLC TO PLAINTIFF LOGMEIN, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

Defendant Pragmatus Telecom, LLC ("Pragmatus") by and through its counsel hereby answers the Complaint for Declaratory Judgment of LogMeIn, Inc. ("LogMeIn") and asserts counterclaims as follows:

### THE PARTIES

1.    Pragmatus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 1 of the Complaint and, on that basis, denies them.

2.    Admitted.

### JURISDICTION AND VENUE

3.    Pragmatus admits that this Court has subject matter jurisdiction over LogMeIn's claims. Otherwise, denied.

4.    Admitted.

5.    Pragmatus consents to the personal jurisdiction of this Court for the purposes of the claims set forth in LogMeIn's Complaint only. Pragmatus further admits that it is organized under the law of Delaware. Otherwise, denied.

6.    Pragmatus admits that venue is proper with respect to the claims set forth in LogMeIn's Complaint only. Otherwise, denied.

## FACTUAL ALLEGATIONS

7. Pragmatus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7 of the Complaint and, on that basis, denies them.

8. Pragmatus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the Complaint and, on that basis, denies them.

9. Pragmatus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 of the Complaint and, on that basis, denies them.

10. Admitted.

11. Admitted.

12. Pragmatus admits that it has filed suit against certain LogMeIn customers. Otherwise, denied.

13. Pragmatus admits that certain patent infringement claims against LogMeIn customers are based upon use of LogMeIn's software and services. Otherwise denied.

14. Pragmatus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 14 of the Complaint and, on that basis, denies them.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Pragmatus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 19 of the Complaint and, on that basis, denies them.

20. Pragmatus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 20 of the Complaint and, on that basis, denies them.

21. Pragmatus admits that LogMeIn's Complaint contends that LogMeIn denies that its products and/or services infringe any valid claim of the Pragmatus Patents. Otherwise, denied.

22. Pragmatus admits that an actual and justiciable controversy has arisen and exists between LogMeIn and Pragmatus. Otherwise, denied.

## COUNT I

23. Pragmatus incorporates by reference herein its response to paragraphs 1 through 22 above.

24. Denied.

## COUNT II

25. Pragmatus incorporates by reference herein its response to paragraphs 1 through 24 above.

26. Denied.

## PRAYER FOR RELIEF

27. Pragmatus denies that LogMeIn is entitled to any of the relief it requested.

## GENERAL DENIAL

28. To the extent that nay allegations of the Complaint are not specifically admitted, Pragmatus hereby denies them.

## AFFIRMATIVE DEFENSES

29. The '231 patent, the '286 patent and the '043 patent are valid, enforceable and infringed by LogMeIn.

30. LogMeIn's Complaint fails to state a claim upon which relief can be granted under Rule 8 and/or 12 of the Federal Rules of Civil Procedure.

## COUNTERCLAIMS

Defendant/Counterclaimant Pragmatus brings the following counterclaims against Plaintiff/Counterdefendant LogMeIn:

## THE PARTIES

1. Defendant/Counterclaimant Pragmatus is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 601 North King Street, Alexandria, Virginia 22314.

2.      On information and belief, LogMeIn, which filed suit against Pragmatus in this district, is a Delaware corporation with its corporate headquarters and principal place of business at 500 Unicorn Park Drive, Woburn, MA 01801.

## JURISDICTION AND VENUE

3.      This is an action for declaratory relief. This Court has jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2201. An actual, substantial and continuing justiciable controversy exists between Pragmatus and LogMeIn, with request to which Pragmatus requires a declaration of its rights by this Court. Specifically, the controversy relates to LogMeIn's infringement of the '231 patent, the '286 patent and the '043 patent, and the right of LogMeIn to maintain a suit for claims of non-infringement and invalidity.

4.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Pragmatus alleges that LogMeIn submitted to the venue of this Court by filing its Complaint here. Moreover, venue is also proper because Pragamtus' counterclaims relate to LogMeIn's claims, which are before this Court.

## FACTS

5.      According to the allegations of the complaint, LogMeIn claims that it does not infringe the '231 patent, the '286 patent and the '043 patent and further claims that these patents are invalid. Pragmatus asserts that LogMeIn infringes each of these patents and further asserts that each of these patents are valid and enforceable.

6.      An actual case or controversy exists between the parties concerning LogMeIn's infringement of '231 patent, the '286 patent and the '043 patent, and that controversy is ripe for adjudication by this Court.

### First Counterclaim

7.      Pragmatus hereby incorporates by reference paragraphs 1 through 6 of these counterclaims and paragraphs 7 through 19 of LogMeIn's Complaint.

8.      Pragmatus owns all right, title and interest in and to the '231 patent, the '286 patent and the '043 patent.

9.     LogMeIn has and continues to infringe directly one or more claims of the '231 patent, the '286 patent and the '043 patent, at least by making, using and selling its BoldChat product line to provide live chat services over the Internet.

10.    LogMeIn also has and continues to indirectly infringe one or more claims of the '231 patent, the '286 patent and the '043 patent, including end users and purchasers of tis BoldChat product line.  Specifically, LogMeIn has actively induced, and continues to induce, the infringement of one or more claims of the '231 patent, the '286 patent and the '043 patent at least by actively inducing and instructing customers to use of the BoldChat product line in a manner that infringes the patents in the United States.  LogMeIn knew or should have known that tis conduct would induce others to infringe in a manner that infringes the '231 patent, the '286 patent and the '043 patent.  LogMeIn has also contributorily infringed and continues to contributorily infringe the '231 patent, the '286 patent and the '043 patent by selling and/or offering to sell within the United States its BoldChat product line, the relevant features of which, constitute a material part of the claimed inventions and are not staple articles of commerce suitable for substantial noninfringing use.

11.    LogMeIn had notice of its infringement as set forth in its Complaint and at least by and through customers of its BoldChat product line.  This notice came prior to LogMeIn filing suit and Pragmatus is informed and believes (in part based upon the allegations in LogMeIn's Complaint) that this notice was both communicated in writing and orally to LogMeIn.

12.    Pragmatus has suffered damages as a result of LogMeIn's infringement of the '231 patent, the '286 patent and the '043 patent in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests the following relief:

a)   LogMeIn's Complaint be dismissed with prejudice and LogMeIn recover nothing thereon;

b)   For entry of judgment in favor of Pragmatus and against LogMeIn;

c) A judgment that LogMeIn has infringed the '231 patent;

d) A judgment that LogMeIn has infringed the '286 patent;

e) A judgment that LogMeIn has infringed the '043 patent;

f) A judgment that the '231 patent is valid and enforceable;

g) A judgment that the '286 patent is valid and enforceable;

h) A judgment that the '043 patent is valid and enforceable;

i) A judgment that Pragmatus be awarded damages adequate to compensate Pragmatus for LogMeIn's past infringement and any continuing or future infringement of the '231 patent, the '286 patent and the '043 patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Pragmatus for LogMeIn's infringement, an accounting;

j) A judgment that Pragmatus be awarded attorney fees, costs, and expenses incurred in prosecuting this action; and

k) A judgment that Pragmatus be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 11, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Margaret Elizabeth Day (admitted pro hac vice)
Ian N. Feinberg (admitted pro hac vice)
David L. Alberti (admitted pro hac vice)

Clayton Thompson (admitted pro hac vice)
Marc C. Belloli (admitted pro hac vice)
Sal Lim (admitted pro hac vice)
Yakov Zolotorev (admitted pro hac vice)
FEINBERG DAY ALBERTI & THOMPSON LLP
401 Florence Street, Suite 200
Palo Alto, CA 94301
Telephone: (650) 618.4360
Facsimile: (650) 618.4368
eday@feinday.com
ifeinberg@feinday.com
dalberti@feinday.com
cthompson@feinday.com
mbelloli@feinday.com
slim@feinday.com
yzolotorev@feinday.com

*Attorneys for Plaintiff*
PRAGMATUS TELECOM, LLC